FILED

MAY - 6 2022

Clerk, US District Court
COURT 4012

FILED

2022 MAY -6  PM 3: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: EEE

1  CASSANDRA CELESTINE
   9800 S. 5th Avenue
2  Inglewood, CA 90305
   Tel.: (310) 242-0007
3  Email: 2007legacy8995@gmail.com

4  **IN PRO SE**

5

6                    **UNITED STATES DISTRICT COURT**

7                    **CENTRAL DISTRICT OF CALIFORNIA**

8                                        **LACV22-3081**FMO(Ex)

9  U.S. BANK TRUST, N.A., AS            )  **Case No.:**
10 TRUSTEE FOR LSF9 MASTER             )
   PARTICIPATION TRUST,                )
11                                     )  **DEFENDANT, NOTICE OF**
                                       )  **REMOVAL OF ACTION PURSUANT**
12                Plaintiff,           )  **TO 28 U.S.C. §§ 1331, 1441, and**
                                       )  **1443(1) and (2)**
13 v.                                  )
                                       )
14 CASSANDRA CELESTINE; and DOES       )
   1 through 6, Inclusive,             )
15                                     )
                                       )
16                Defendants.          )
                                       )
17 _____    )

18 TO THE CLERK OF THE UNITED STATES COURT FOR THE SOUTHERN

19 DISTRICT OF CALIFORNIA:

20       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1331, 1441(a) and 1443(1)

21 and (2), CASSANDRA CELESTINE, the Defendant in the above-captioned case

   removes this action from the Superior Court of California for the County of Los Angeles.
22
   The action is hereby removed to this court as set forth below:
23
         The defendant is named in a civil action filed in the Superior Court of Los Angeles
24
   titled U.S. BANK TRUST, N.A. v. CELESTINE. The above-referenced case was
25
   commenced when plaintiff filed a Summons and Complaint in the aforementioned Court,
26
   Case No.: 21IWUD00434.  A true and correct copy of the Summons and Complaint is
27
   attached hereto as **Exhibit "A"**.
28
   _____
                           NOTICE OF REMOVAL OF ACTION
                                        1

This matter is a civil action of which this court has jurisdiction under 28 U.S.C. section 1443 (1) and (2): Denial of due process in Unlawful Detainer: Eviction after foreclosure and/or rental lease and ejectment, in that the rules of evidence and civil procedure are applied without equal protection.

The amount in controversy due to civil rights violations which it is intended this Court remedy exceeds $75,000.

Therefore, this is a civil action over which this Court has original jurisdiction and the action is removable to this Court pursuant to 28 U.S.C., section 1441(a) through 1446.

Pursuant to the aforementioned above, the facts of the case are as follows:

## I.

## <u>STATEMENT OF THE CASE</u>

1.    On August 17, 2021 U.S. BANK, N.A. filed an action for unlawful detainer, known as Case Number 21IWUD00434.

2.    Plaintiff U.S. BANK TRUST, N.A. (hereinafter "U.S. BANK TRUST") asserts one claim for possession, under Code of Civil Proc., § 1161a.  (Complaint attached herein as **Exhibit 1**).

3.    Plaintiff claims to be the owner of the real property that Defendant lives in, and remains in, as of the time of the Unlawful Detainer case filing on August 17, 2021 per the subject property located at 9800 S. 5th Avenue, Inglewood, CA 90305, Los Angeles County, and seeks to evict Defendant from the subject property.

## II.

## BASIS FOR REMOVAL

4.    Defendant is an African American who is being denied her legal rights in the unlawful detainer proceeding, to equal protection, due in part to her ethnic heritage, per 28 USC 1443(1). The failure of Plaintiff to comply with Covid-related strictures related to the ongoing unlawful detainer proceedings is an additional reason for the current removal.

5.      Plaintiff and the State Court are depriving Defendant of due process of law in that she is being dispossessed of her property, in noncompliance with Federal law. The State Court is typically backed by the appellate department in adjudicating these matters, and is therefore not an adequate check on the State Court's mishandling of these matters.

6.      Cases filed in state court may be removed where the district court has original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "The existence of federal question jurisdiction is ordinarily determined from the face of the complaint." *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

7.      Under the well-pleaded complaint rule, a defendant may remove a case to federal court if "the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996).

8.      A case "arises under" federal law when the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28. A single claim over which federal question jurisdiction exists is sufficient for removal. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 164-66 (1997).

9.      Plaintiff alleges that it is entitled to possession based on the allegation that Plaintiff is a bona fide purchaser, having purchased the subject property, Defendant's longtime home, at a trustee sale, claiming falsely that same sale was done in compliance with Civil Code § 2924, and alleges "title was duly perfected."  Defendant disputes that Plaintiff has duly perfected the title at issue in the unlawful detainer matter.

10.      "Under California law, mere possession of real property creates a protected interest." *In Re Perl* at 1130 (citing to CAL. CIV. CODE § 1006, which states: "Occupancy for any period confers a title sufficient against all except the state and those who have title

1   . . . ."). "[T]he mere possession of real estate is constantly treated as property which may
2   be purchased and sold, and for the recovery of which an action may be maintained against
3   one having no better title." *King v. Goetz*, 70 Cal. 236, 240, 11 P. 656, 658 (1886). See 12
4   WITKIN ON REAL PROP., SUMMARY 10TH (2005) § 208 (possession gives possessor
5   substantial right).

### III.

### CONCLUSION

14.    Defendant prays that plaintiff's action be removed to the United States District
Court, that all further proceedings in the California Superior Court be stayed, and that
defendant receives all relief to which she is entitled.

Dated: May 05, 2022                    By: _____

                                       CASSANDRA CELESTINE
                                       Defendant

# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 08/17/2001 07:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Vincent, Deputy Clerk
21 IWUD00434

# SUMMONS

## *(CITACIÓN JUDICIAL)*

**UNLAWFUL DETAINER-EVICTION**

*(RETENCIÓN ILÍCITA DE UN INMUEBLE-DESALOJO)*

| | SUM-130 |
|---|---|
| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CASSANDRA CELESTINE; and DOES 1 to 6, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST

| | |
|---|---|
| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. | *¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, sólo tiene 5 DIAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.* |
| A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. | *Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association. | *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.* |
| **FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | *EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.* |

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*

   Inglewood Courthouse
   One Regent Street
   Inglewood, CA 90301

   | CASE NUMBER *(número del caso):* |
   |---|
   | |

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

   Randall D. Haiman, Esq. (=81048)     Telephone No: (858) 224-5900
   Haiman Law Group, PC                 Fax No:       (858) 224-6901
   4660 La Jolla Village Dr., Ste. 650, San Diego, CA 92122

Page 1 of 2

| | | SUMMONS-UNLAWFUL DETAINER-EVICTION | |
|---|---|---|---|

SUM-130

PLAINTIFF (Name):
U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST

CASE NUMBER

DEFENDANT (Name): MARTA TELLES-VEGA and DOES 1 to 5, inclusive

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400-6415) ☒ did not ☐ did
for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a.  Assistant's name:
   b.  Telephone no.:
   c.  Street address, city, and zip:

   d.  County of registration:
   e.  Registration no.:
   f.  Registration expires on *(date):*

Date:
Fecha:  08/17/2021

Sherri R. Carter Executive Officer / Clerk of Court

Clerk, by _____ S. Venzant _____ , Deputy
(Secretario)                                              (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (form POS-010)).*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. ☐ as an individual defendant.
   c. ☐ as the person sued under the fictitious name of *(specify):*
   b. ☐ as an occupant.
   d. ☐ on behalf of *(specify):*
      under: ☐ CCP 416.10 (corporation).          ☐ CCP 416.60 (minor).
             ☐ CCP 416.20 (defunct corporation).  ☐ CCP 416.70 (conservatee).
             ☐ CCP 416.40 (association or partnership). ☐ CCP 416.90 (authorized person).
             ☐ CCP 415.46 (occupant).             ☐ other *(specify):*
   e. ☐ by personal delivery on *(date):*

Electronically , FILED by Superior Court of California, County of Los Angeles on 05/17/2021 02:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Verlزم Deputy Clerk

UD-101

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME Randall D. Naiman, Esq. (#81048)

FIRM NAME Naiman Law Group, PC

STREET ADDRESS 4660 La Jolla Village Dr., Ste 650

CITY San Diego   STATE CA ZIP CODE 92122

TELEPHONE NO (858) 224-6800   FAX NO (858) 224-6801

EMAIL ADDRESS Randall@Naimanlaw.com

ATTORNEY FOR (name) U.S. Bank Trust N.A., as Trustee for LSF9 Master Parti

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES

STREET ADDRESS One Regent Street

MAILING ADDRESS One Regent Street

CITY AND ZIP CODE Inglewood, CA 90301

BRANCH NAME INGLEWOOD COURTHOUSE

PLAINTIFF: U.S. Bank Trust N.A., as Trustee for LSF9 Master Particip

DEFENDANT: CASSANDRA CELESTINE; and DOES 1 to 5, Inclusive

| CASE NUMBER: |
|---|

**PLAINTIFF'S MANDATORY COVER SHEET AND**
**SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

For action filed (check one): ☐ before October 5, 2020   ☒ on October 5, 2020, or later

All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).

- Serve this form with the summons.
- If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.
- If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.

Before obtaining a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff will be required to verify that no rental assistance or other financial compensation has been received for the amount in the notice demanding payment or accruing afterward, and no application is pending for such assistance. For a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance (form UD-120) to make this verification.

1. PLAINTIFF (name each):

   U.S. Bank Trust N.A., as Trustee for LSF9 Master Participation Trust

   alleges causes of action in the complaint filed in this action against DEFENDANT (name each):

   CASSANDRA CELESTINE; and DOES 1 to 5, Inclusive

2. **Statutory cover sheet allegations** (Code Civ. Proc., § 1179.01.5(c))

   a. This action seeks possession of real property that is (check all that apply):   ☒ Residential   ☐ Commercial
   (If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification.)

   b. This action is based, in whole or in part, on an alleged default payment of rent or other charges.   ☐ Yes   ☒ No

3. **Tenants subject to COVID-19 Tenant Relief Act** (Code Civ. Proc., § 1179.02(h))

   a. (1) One or more defendants in this action is a natural person:   x Yes   ☐ No
   (2) Identify any defendant not a natural person:
   (If no is checked, then no further items need to be completed except the signature and verification.)

   b. (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(c).   ☒ Yes   ☐ No
   (2) Identify any defendant who does not:
   (If yes is checked, then no further items need to be completed except the signature and verification.)

Form Approved for Mandatory Use
Judicial Council of California
UD-101 [Rev. September 1, 2020]

**PLAINTIFF'S MANDATORY COVER SHEET AND**
**SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

Code of Civil Procedure, § 1179.01.5 et seq.
www.courts.ca.gov

CEB Essential ☐ Forms®
ceb.com

| | UD-101 |
|---|---|
| PLAINTIFF: U.S. Bank Trust, N.A., as Trustee for 1900 Wanner Terrace | CASE NUMBER: |
| DEFENDANT: CASSANDRA VALENTINE; and DOES 1 to 5, inclusive | |

**4. Federal law allegations**

  a.  Defendant ☐ has ☒ has not provided a statement under penalty of perjury for the Centers for Disease Control and Prevention's order for *Temporary Halt in Evictions to Prevent Further Spread of COVID-19* (85 Federal Register 55292) or its extension. *(Note to plaintiff: Proceeding in violation of the federal order may result in civil or criminal penalties.)*

  b.  This action ☐ does ☒ does not seek possession of a dwelling unit in property that has a federally backed multifamily mortgage for which forbearance has been granted under title 15 United States Code section 9057.

    (1)  Date forbearance began:

    (2)  Date forbearance ended:

**5. ☐ Unlawful detainer notice expired before March 1, 2020**

  The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. *(If this is the only basis for the action, no further items need to be completed except the signature and verification on page 4. (Code Civ. Proc., § 1179.03.5(a)(1).))*

**6. ☐ Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**

  The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. *(Check all that apply.)*

  a. ☐ Defendant *(name each)*:

  was served the "Notice from the State of California" required by Code of Civil Procedure section 1179.04, and if more than one defendant, on the same date and in the same manner. *(Provide information regarding service of this notice in item 8 below.)*

  b. ☐ One or more defendants was served with the notice in item 6a on a different date or in a different manner, which service is described in attachment 6c.

  c. ☐ Defendant *(name each)*:

  was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19-related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).

    *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

    *(If filing form UD-100 with this form and item 6c is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

  d.  Response to notice *(check all that apply)*:

    (1) ☐ Defendant *(name each)*:

    delivered a declaration of COVID-19-related financial distress to landlord in the time required. *(Code Civ. Proc., § 1179.03(f).)*

    (2) ☐ Defendant *(name each)*:

    did not deliver a declaration of COVID-19-related financial distress to landlord in the time required. *(Code Civ. Proc., § 1179.03(f).)*

**7. ☐ Rent or other financial obligations due between September 1, 2020, and June 30, 2021 (the transition time period)**

  The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period.

  a. ☐ Defendant *(name each)*:

  was served the "Notice from the State of California" required by Code of Civil Procedure section 1179.04, and if more than one defendant, on the same date and in the same manner. *(Provide information regarding service of this notice in item 8 below.)*

CEB Essential Forms
ceb.com

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

UD-101

| PLAINTIFF: U.S. Bank Trust, N.A., As Trustee for 1900 Master Partic | CASE NUMBER |
|---|---|
| DEFENDANT: THEODORE B. PELESTURE, and DOES 1 to 5, inclusive | |

7. b. ☐ One or more defendants was served with the notice in item 7a on a different date or in a different manner, which service is described in attachment 8c.

   c. ☐ Defendant (name each):

   was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19-related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d).

   *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

   *(If filing form UD-100 with this form and item 6c is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

   c. Response to notice (check all that apply):

   (1) ☐ Defendant (name each):

   delivered a declaration of COVID-19-related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

   (2) ☐ Defendant (name each):

   did not deliver a declaration of COVID-19-related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

   e. ☐ Rent due (complete only if action filed after June 30, 2021):
   (1) Rent in the amount of $_____ was due between September 1, 2020 and June 30, 2021.
   (2) Payment of $_____ for that period was received by June 30, 2021.

8. **Service of Code of Civil Procedure Section 1179.04 Notice From the State of California** (check all that apply):

   a. ☐ The notice identified in item 6a and 7a was served on the defendant named in those items as follows:
   (1) ☐ By personally handing a copy to defendant on (date):
   (2) ☐ By leaving a copy with (name or description):
   a person of suitable age and discretion, on (date):_____ at defendant's
   ☐ residence   ☐ business   AND mailing a copy to defendant at defendant's place of residence.
   (3) ☐ By posting a copy on the premises on (date):
   ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on (date):
   (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
   (b) ☐ because no person of suitable age or discretion can be found there.
   (4) ☐ By sending a copy by mail addressed to the defendant on (date):

   b. ☐ (Name):
   was served on behalf of all defendants who signed a joint written rental agreement.

   c. ☐ Information about service of notice on the defendants alleged in items 6b and 7b is stated in Attachment 8c.

   d. ☐ Proof of service of the notice or notices in items 6a, 6b, 7a, and 7b is attached to this form and labeled Exhibit 1.

9. ☐ **High-income tenant.** The 15-day notice in item 6c or 7c above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19-related financial distress. Plaintiff had proof before serving that notice that the tenant had an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

   a. ☐ The tenant did not deliver a declaration of COVID-19-related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

   b. ☐ The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19-related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

CEB® Essential JE Forms™
ceb.com

**PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

UD-101

PLAINTIFF: U.S. Bank Trust, N.A., as Trustee for LSF9 Master Partic.    CASE NUMBER:
DEFENDANT: CASSANDRA COLLECTIVE, and DOES 1 to 4, Inclusive

10. ☐ **Just cause eviction.** (*Only applicable if action is filed before July 1, 2021. Note: If the tenancy is subject to the Tenant Protection Act (including Civil Code section 1946.2), plaintiff must, if using form UD-100, complete item 8 on that form in addition to this item.*)

a. ☐ The tenancy identified in the unlawful detainer complaint in this action was terminated for at-fault just cause as defined in Civil Code section 1946.2(b)(1), which reason is in the notice of termination. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(i).)

b. ☐ The tenancy identified in the unlawful detainer complaint in this action was terminated for no-fault just cause as defined in Civil Code section 1946.2(b)(2), which reason is in the notice of termination. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(ii).) (*Complete (1) or (2) below, only if applicable.*)

(1) ☐ The no-fault just cause is the intent to demolish or substantially remodel, which ☐ is ☐ is not necessary to comply with codes, statutes, or regulations relating to the habitability of the rental units. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(i).)

(2) ☐ The tenancy identified in the complaint in this action was terminated because the owner of the property has entered into a contract with a buyer who intends to occupy the property and the property ☐ does ☐ does not meet all the requirements of Civil Code section 1946.2(e)(8). (Code Civ. Proc., § 1179.03.5(a)(3)(A)(i)(II).)

c. ☐ This action is based solely on the cause of termination checked in item 10a or b above, and is not for nonpayment of rent or other financial obligations. (*If this item applies, plaintiff may not recover any rental debt due from the period between March 1, 2020, and June 30, 2021, as part of the damages in this action.* (Code Civ. Proc., § 1179.03.5(a)(3)(B).))

11. ☐ **Rent or other financial obligations due after June 30, 2021.** (*Only applicable if action is filed on or after July 1, 2021.*) The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after June 30, 2021.

12. ☐ **Statements regarding rental assistance** (*Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance--Unlawful Detainer (form UD-120).*)

a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes ☐ No

b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint? ☐ Yes ☐ No

c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes ☐ No

d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint? ☐ Yes ☐ No

13. ☐ Number of pages attached (*specify*):

Date: August 17, 2021

Randall D. Naiman, Esq.    ▶
TYPE OR PRINT NAME    SIGNATURE OF PLAINTIFF OR ATTORNEY

**VERIFICATION**

(*Use a different verification form if the verification is by an attorney or for a corporation or partnership.*)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 17, 2021

Randall D. Naiman, Esq.    ▶
TYPE OR PRINT NAME    SIGNATURE

UD-101 Rev. May 24, 2021    PLAINTIFF'S MANDATORY COVER SHEET AND    Page 4 of 4
CEB Essential    SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER
ceb.com Forms

Electronically FILED by Superior Court of California, County of Los Angeles on 08/17/2021 04:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Vergara, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Randall D. Naiman, Esq. (#81048)<br>Naiman Law Group, PC<br>4660 La Jolla Village Dr., Ste. 650<br>San Diego, CA 92122 | |
| TELEPHONE NO.: (858) 224-6800   FAX NO.: (858) 224-6801 | |
| ATTORNEY FOR (Name): U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PART | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: INGLEWOOD COURTHOUSE
MAILING ADDRESS: One Regent Street
CITY AND ZIP CODE: Inglewood, CA 90301
BRANCH NAME: INGLEWOOD COURTHOUSE

CASE NAME: U.S. BANK v. CELESTINE

| CIVIL CASE COVER SHEET<br>☐ Unlimited   ☒ Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☒ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 1
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 17, 2021

Randall D. Naiman, Esq.
_____          ▶    _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CEB Essential Forms    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
   Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| U.S. BANK v. CELESTINE | |

### CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties resides.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C   Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ | A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ | A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ | A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ | A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ | A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ | A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ | A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ | A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ | A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ | A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ | A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC Civ 109 Rev. 12/18<br>
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM<br>
AND STATEMENT OF LOCATION**

Local Rule 2.3<br>
Page 1 of 4

CEB® Essential Forms™  ceb.com

Hudson Homes Management

SHORT TITLE: U.S. BANK v. CELESTINE

CASE NUMBER:

| | A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C  Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ | A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ | A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ | A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ | A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐<br>☐ | A6017  Legal Malpractice<br>A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ | A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ | A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐<br>☐ | A6024  Other Employment Complaint Case<br>A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐<br>☐<br>☐<br>☐ | A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>A6008  Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>A6019  Negligent Breach of Contract/Warranty (no fraud)<br>A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐<br>☐<br>☐ | A6002  Collections Case-Seller Plaintiff<br>A6012  Other Promissory Note/Collections Case<br>A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ | A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐<br>☐<br>☐ | A6009  Contractual Fraud<br>A6031  Tortious Interference<br>A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 5, 8 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ | A7300  Eminent Domain/Condemnation     Number of parcels | 2, 6 |
| | Wrongful Eviction (33) | ☐ | A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐<br>☐<br>☐ | A6018  Mortgage Foreclosure<br>A6032  Quiet Title<br>A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>3, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ | A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ | A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☒ | A6020F  Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ | A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CEB Essential Forms
ceb.com

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Approved
Page 2 of 4

Hudson Homes Management

| SHORT TITLE | CASE NUMBER |
|---|---|
| U.S. BANK v. CELESTINE | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

CEB® Essential Forms™
ceb.com

SHORT TITLE.
U.S. BANK v. CELESTINE

CASE NUMBER

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

REASON:

☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☒ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10 ☒ 11.

ADDRESS.
9800 S 5th Avenue

CITY
Inglewood

STATE
CA

ZIP CODE
90305

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Southwest Judicial District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq. and Local Rule 2.3(a)(1) E].

Dated: August 17, 2021

_____
SIGNATURE OF ATTORNEY FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LASC CIV 109, LASC Approved 03-04 (Rev. 12-18).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12-18
For Mandatory Use

CEB Essential Forms
ceb.com

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Page 4
Page 4 of 4

Hudson Homes Management

Electronically FILED by Superior Court of California, County of Los Angeles on 03/17/2021 02:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Verdant, Deputy Clerk
21IWUD06434

Assigned for all purposes to: Inglewood Courthouse, Judicial Officer: Ronald Frank

1   Randall D. Naiman, Esq. - State Bar No. 81048
    NAIMAN LAW GROUP,
2   Professional Corporation
    4660 La Jolla Village Drive, Suite 650
3   San Diego, California 92122
    (858) 224-6800 (telephone)
4   (858) 224-6801 (facsimile)

5   Attorney for Plaintiff, U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER
    PARTICIPATION TRUST
6

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9                        INGLEWOOD SUPERIOR COURT

10

11  U.S. BANK TRUST, N.A., AS TRUSTEE      )  Case No.:
                                           )
12  FOR LSF9 MASTER PARTICIPATION          )  LIMITED CIVIL CASE
    TRUST                                  )
13                         Plaintiff,      )  COMPLAINT FOR UNLAWFUL
                                           )  DETAINER
14                                         )
        vs.                                )  AMOUNT DEMANDED DOES NOT
15                                         )  EXCEED $10,000.00
                                           )
16  CASSANDRA CELESTINE; and DOES 1 to     )  Action based on Code of Civil Procedure
    6, inclusive                           )  Section 1161a
17                                         )
                                           )  Foreclosure
18                      Defendants.        )
                                           )
19  ─────────────────────────────────────

20

21      Plaintiff alleges:

22      1.      This court is the proper court for the trial of this action because:

23      a.      Each Defendant resides and/or conducts business in the area served by this Court;

24      b.      The real property which is the subject of this action, 9800 S 5th Avenue, Inglewood,

25  CA 90305, and as more particularly described as Assessor Parcel Number 4027-023-005, and as set

26  forth in the legal description attached hereto as Exhibit "A" and incorporated herein by this reference

27  (hereinafter "the Property"), is located in the area served by this Court; and

28      c.      The amount of damages claimed in this action does not exceed $10,000.00.

                            Complaint – Unlawful Detainer

2.      Plaintiff is informed and believes and upon such information and belief alleges that Defendant(s) Cassandra Celestine (hereinafter "Defendant(s)") at all times herein mentioned is are currently resident(s) of the County of Los Angeles, State of California, and reside within the jurisdictional boundaries of this Court.

3.      The true names and capacities of Does 1 through 6, inclusive, are presently unknown to Plaintiff, who therefore sues such Defendant(s) under such fictitious names pursuant to Section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and on such information and belief, alleges that each such "Doe" Defendant is in possession of the Property, without the permission or consent of Plaintiff, and Plaintiff will amend this complaint to state the true names and capacities of said Defendant(s) when the same have been ascertained.

4.      Plaintiff is the owner of and entitled to immediate possession of the Property. Defendant(s), and each of them, are and remain in possession of the Property.

5.      On or about January 21, 2020, the Property was sold to Plaintiff at a trustee's sale following foreclosure proceedings. Said foreclosure and all notices preceding said foreclosure were done in compliance with Section 2924 et. seq. of the California Civil Code, under power of sale contained in a deed of trust executed by Cassandra Celestine, as trustor, and title under the sale was duly perfected in Plaintiff by the recording of a Trustee's Deed Upon Sale in the Official Records, County of Los Angeles. A true and correct copy of the Trustee's Deed Upon Sale is attached to this complaint as Exhibit "B" and incorporated herein by this reference.

6.      On August 12, 2021, Defendant(s), and each of them, were served with a three-day written notice to quit and deliver up possession of the Property to Plaintiff ("Notice") and the cover sheet described in California Code of Civil Procedure section 1161c ("Cover Sheet"). The Notice and Cover Sheet were served in accordance with Code of Civil Procedure section 1162. True and correct copies of the Notice, Cover Sheet, and Proof(s) of Service thereof are attached to this complaint collectively as Exhibit "C" and incorporated herein by this reference.

7.      More than three (3) days have elapsed since the service of the Notice (excluding Saturdays, Sundays and judicial holidays), but Defendant(s) have failed and refused to deliver up possession of the Property.

8.      Defendant(s) continue in possession of the Property without Plaintiff's permission or consent.

9.      Defendant(s) hold(s) over and continue(s) in possession of the Property willfully, intentionally and deliberately without permission or consent of Plaintiff, and Plaintiff is entitled to immediate possession of the Property.

10.     The reasonable value of the use and occupancy of the Property is at least $50.00 per day, and damages to Plaintiff caused by Defendant(s)' unlawful detention thereof has accrued at said rate since August 16, 2021, and will continue to accrue at said rate so long as Defendant(s) remain in possession of the property.

WHEREFORE, Plaintiff prays judgment against Defendant(s) as follows:

1.      For restitution and possession of the Property;

2.      For damages in the amount of at least $50.00 per day from August 16, 2021, through the date of entry of judgment;

3.      For costs of suit herein; and,

4.      For such other and further relief as the court may deem just and proper.

Dated: August 17, 2021                        NAIMAN LAW GROUP,
                                              Professional Corporation


                                    By:       _____
                                              Randall D. Naiman, Esq.
                                              Attorney for Plaintiff, U.S. BANK TRUST, N.A., AS
                                              TRUSTEE FOR LSF9 MASTER
                                              PARTICIPATION TRUST

Complaint - Unlawful Detainer

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

I, the undersigned, say:

That I am the attorney for Plaintiff in this action. The Plaintiff is absent from the County of San Diego, California, where I have my office in that Plaintiff's headquarters are not located in this county, or the Plaintiff is otherwise unable to verify this pleading as of the date set forth hereinbelow, and I make this verification for and on behalf of the party for that reason. I have read the foregoing complaint for unlawful detainer and know its contents. I am informed and believe, and on that ground, allege that the matters stated in it are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2021, at San Diego, California.

NAIMAN LAW GROUP
Professional Corporation

By: _____
Randall D. Naiman, Esq.
Attorney for Plaintiff, U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST

## PROOF OF SERVICE

I am employed in the County of *Los Angeles*, State of California.  I am over the age of 18 and not a party to the within action; my business address is

*7401 Scrensham Blvd  LA  CA  90043*_____ On May 06, 2022, I served the within **DEFENDANT, NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, and 1443(1) and (2)** on the interested parties in said action as follows:

Randall D. Naiman, Esq.
NAIMAN LAW GROUP, PC
4660 La Jolla Village Drive, Suite 650
San Diego, CA 92122
Tel: (858) 224-6800
Fax: (858) 224-6801
E-mail: randall@naimanlaw.com
Attorney for Plaintiff,

*U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST*

__X__ **BY MAIL** – I deposited such envelope for collection and delivery via USPS with postage fees paid.

__X__ I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated: May 06, 2022

Printed Name:

---

CERTIFICATE OF SERVICE

1
