UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3081 FMO (Ex) | Date | May 16, 2022 |
|---|---|---|---|
| Title | U.S. Bank Trust, N.A. v. Cassandra Celestine | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order Re: Remanding Action

On May 6, 2022, defendant Cassandra Celestine ("defendant"), having been sued by U.S. Bank Trust, N.A. for LSF9 Master Participation Trust ("plaintiff") in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action on federal question and diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. (See Dkt. 1, Notice of Removal of Action ("NOR") at 2-4); (id., Exh. A (Complaint) at ECF 18-20).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Moreover, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3081 FMO (Ex) | Date | May 16, 2022 |
|---|---|---|---|
| Title | U.S. Bank Trust, N.A. v. Cassandra Celestine | | |

lacks subject matter jurisdiction either by motion or sua sponte).

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court on the basis of diversity jurisdiction or federal question jurisdiction. The state court complaint contains a single cause of action for unlawful detainer, (see Dkt. 1, NOR, Exh. A (Complaint for Unlawful Detainer) at ECF 18), and the requested relief is limited to $10,000. (See id.); see also Deutsche Bank National Trust Co. v. Yanez, 2016 WL 5911752, *2 (C.D. Cal. 2016) ("In unlawful detainer actions, only the right to possession is at issue, not the title to the property."). Thus, diversity jurisdiction does not exist. See 28 U.S.C. § 1332(a) (providing that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state"); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted).

The Complaint also discloses no federal statutory or constitutional question that would support federal question jurisdiction. (See, generally, Dkt. 1, NOR, Exh. A (Complaint for Unlawful Detainer) at ECF 18-20); see also Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); see also Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint," where "[t]he Complaint contains a single cause of action for unlawful detainer."). To the extent defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, (see Dkt. 1, NOR at 2-4), those defenses do not provide a basis for federal question jurisdiction. It is well-settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987). Thus, there is no federal question jurisdiction.

In short, there is no subject matter jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3081 FMO (Ex) | Date | May 16, 2022 |
|---|---|---|---|
| Title | U.S. Bank Trust, N.A. v. Cassandra Celestine | | |

California, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

   2.  The Clerk shall send a certified copy of this Order to the state court.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | gga | |